IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Bear Metal Welding & Fabrication, Inc., | ) | Case No. 17-24246 |
| | ) | |
| Debtor-in-Possession. | ) | Judge Deborah L. Thorne |

### SECOND INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL, GRANTING ADEQUATE PROTECTION AND SCHEDULING A FINAL HEARING

This matter coming before the Court upon the Debtor's Motion for Entry of Interim and Final Orders Authorizing it to use Cash Collateral, Granting Adequate Protection, and Scheduling a Final Hearing (Dkt. No. 5) ("Motion"); the Court having conducted an initial hearing on the Motion on August 17, 2017, and having entered a first interim order authorizing Debtor's use of Cash Collateral and granting adequate protection on August 18, 2017 (Dkt. No. 10);

It appearing to the Court that notice of the hearing on the Motion on September 12, 2017 has been given to all parties claiming to hold a security interest or lien upon the Debtor's property as of August 14, 2017 ("Petition Date") and the 20 largest unsecured creditors;

The Debtor stipulating and representing to the Court that QCB Properties, LLC, the U.S. Department of Treasury-Internal Revenue Service ("IRS"), the Illinois Department of Revenue, and the Illinois Department of Employment Security (collectively, "Secured Parties") had perfected liens upon the Debtor's property as of the Petition Date pursuant to the mortgages, UCC-1 Financing statements, and statutory tax or revenue liens that are more fully described in ¶¶9-13 of the Motion[1] ("Prepetition Liens"). The Debtor further stipulates that the Prepetition

---

[1] The date of filing of the federal tax lien in ¶11 of the Motion contains a typographically error. The notice of federal tax lien was filed on November 7, 2014, not November 7, 2017.

1

Liens have attached to all or substantially all of its real property and personal property ("Prepetition Property").

The Debtor making the following additional stipulations:

a) The Prepetition Liens are legal, valid, enforceable, non-avoidable, and duly and property perfected security interests as of the Petition Date; and

b) The Debtor's ability to continue the operation of its business and complete a successful Chapter 11 reorganization requires that it have continued use of cash collateral and other property in which the Secured Parties have an interest based upon the Prepetition Liens ("Cash Collateral"), and that in the absence of the Debtor's ability to use Cash Collateral, the Debtor, its estate, and creditors would suffer immediate and irreparable harm.

It is hereby ordered as follows:

1. **Motion Granted**   The Motion is granted on a second interim basis and the Debtor's use of Cash Collateral on an interim basis is hereby authorized, through the earlier of October 31, 2017 or the Termination Date as defined below, subject to and solely in accordance with the express terms and conditions of this Second Interim Order.

2. **Authority to Use Cash Collateral**  Debtor  may only use Cash Collateral in accordance with the budget ("Budget") attached to this Order as **Exhibit A,** plus any variation in the Budget that does not exceed 10% ("Authorized Expenditures"). The Debtor may only make other expenditures with the express written consent of QCB Properties and the IRS, or by order of court.

3. **Grant of Adequate Protection**    To protect the Secured Parties from any diminution in the value of their Prepetition collateral that may occur through Debtor's use of Prepetition

collateral, including proceeds, during this case, the Secured Parties shall receive adequate protection as follows:

a) *Use*. Debtor shall use the Authorized Cash Collateral only in accordance with paragraph 2 above.

b) *Adequate Protection Lien*. The Secured Parties shall receive (i) a replacement lien in the Prepetition Collateral and in the post-petition property of Debtor of the same nature and to the same extent and in the same priority as each Secured Party had in the Prepetition Collateral, and to the extent such liens and security interests extend to property pursuant to Section 552(b) of the Bankruptcy Code, and (ii) an additional continuing valid, binding, enforceable, non-avoidable, and automatically perfected postpetition security interest in and lien on all cash or cash equivalents, whether now owned or in existence on the Petition Date or thereafter acquired or existing and wherever located, of Debtor (collectively, the õ<u>Adequate Protection Liens</u>ö).

c) *Automatic Perfection*. The Adequate Protection Lien shall be deemed valid, binding, enforceable, and perfected upon entry of this Second Interim Order without the need to file any UCC-1 financing statements, mortgages, deeds of trust, security deeds, notices of lien, or any similar document or the need to take any other action (including entering into a deposit control agreement and taking possession of any of the collateral subject to the Adequate Protection Lien) in order to validate the perfection of any of the Adequate Protection Liens

d) The Debtor shall maintain in full force and effect and pay any premiums that become due during the term of this Second Interim Order for property and casualty insurance on all of its assets.

4. **Termination**  Notwithstanding anything to the contrary contained in this Second Interim Order, Debtor's right to use Cash Collateral shall expire on the earliest to occur of: (i) October 31, 2017; (ii) conversion of this case to a case under Chapter 7 of the Bankruptcy Code or (iii) the appointment of a trustee ("Termination Date").

5. **Reservation of Rights**  The entry of this Second Interim Order does not limit or preclude any of the Secured Parties from opposing Debtor's right to use Cash Collateral after the Termination Date or from filing a motion to modify the automatic stay with respect to its collateral or a motion for appointment of a trustee.

6. **Further Hearing**  The hearing to consider entry of a final order or a further interim order on the Motion shall take place on October ____, 2017 at 10:00 a.m. Within three business days of the entry of this Second Interim Order, Debtor shall serve by email, facsimile transmission or electronic mail a copy of this Second Interim Order to the Secured Parties, the Debtor's 20 largest unsecured creditors and any party that has filed a request for notices in this case.

Dated:

                ENTERED:

                _____
                UNITED STATES BANKRUPTCY JUDGE

Prepared By:

Abraham Brustein
DiMonte & Lizak, LLC
216 W. Higgins Road
Park Ridge, Illinois 60068
Email: abrustein@dimontelaw.com

**Bear Metal Welding Fabrication, Inc.**
**Cash Collateral Budget September 16-October 31**

**Income**

*Receipts from Operating						$27,000.00

**Expenses**

| | |
|---|---:|
| Material | $750.00 |
| Building Maintenance | $225.00 |
| Auto and Truck Expenses (Gas, Repairs, Maintenance) | $975.00 |
| Vehicle Insurance | $375.00 |
| **Casualty, liability and Workmans Comp. Insurance | $1,350.00 |
| Merchant Fee (est.) | $750.00 |
| Payroll Expenses | $105.00 |
| Payroll Taxes | $2,250.00 |
| Wages | $16,440.00 |
| Sale Expense | $75.00 |
| Utilities | $800.00 |
| Garbage Pick-Up | $65.00 |
| Telephone/Online-Internet | $250.00 |
| Alarm Services including permit fee | $390.00 |
| Cell Phone | $300.00 |
| Partial Real Estate Tax Payment | $1,000.00 |
| Title 28 Fee | $325.00 |
| **Total Expenses for August 15-September 15** | **$26,425.00** |

*Does not include exepcted receipt of $10,0000 that will be received at job completion that is
   expected to occru in late October or Early November.

**This expense may be higher depending on premium quote for renwal of insurance coverages.
   Applications for October renewal are pending.